DAVIES CONTRACTING COMPANY, Respondent, v. GRANT LAND & CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals.    Argued and Submitted October 6, 1914.    Opinion Filed November 3, 1914.

1. WORK AND LABOR: Quantum Meruit: Sufficiency of Evidence.  In an action for the reasonable value of work done at the request of defendant, evidence *held* sufficient to warrant a recovery by plaintiff.

2. ————: Instructions: Omissions: Cure by Other Instructions. In an action for the reasonable value of work done at the request of defendant, *held* that the error in an instruction given at plaintiff's request, in failing to state what acts would raise an implied promise, was cured by an instruction given at defendant's request, which supplied the omission.

3. INSTRUCTIONS: Omissions: Cure by Other Instructions. Where an omission in an instruction given for plaintiff is not a misdirection and amounts merely to a nondirection, it may be cured by an instruction given for defendant which supplies the omission.

4. WORK AND LABOR: Measure of Damages: Instructions. In an action for the reasonable value of work done at the request of defendant, an instruction that the measure of plaintiff's damages is such sum as the jury believes to be the reasonable value of the work at the time it was done, not exceeding the amount claimed in the petition, is correct.

Appeal from St. Louis City Circuit Court.—*Hon W. B. Homer,* Judge.

AFFIRMED.

*Leahy, Saunders & Barth* for appellant.

*Rodgers & Koerner* for respondent.

REYNOLDS, P. J.—This is an action to recover for work and labor claimed to have been done in the excavation and removal of earth, it being averred that defendant promised to' pay plaintiff the reasonable value of the work. Averring that reasonable value, plaintiff demands judgment.

The answer, after a general denial, in effect sets up that the work was done voluntarily and that plaintiff, in removing the earth, did it for its own conveniences and benefit and without any request on the part of defendant and without any agreement on the part of defendant to pay.

There was a verdict for plaintiff, and defendant, having filed its motion for a new trial and saving exceptions to the action of the court in overruling it, duly perfected its appeal.

Much testimony was taken in the case on the issue of whether the work done was voluntary or at the instance and request of defendant. At the conclusion of that for plaintiff and again at the conclusion of the whole case, defendant interposed demurrers which were overruled.

At the instance of plaintiff the court instructed the jury, in substance (first), that if they believed from the evidence that at the time stated plaintiff excavated and removed a quantity of earth from the place specified and that it was either the express or implied understanding between plaintiff and defendant that defendant would pay plaintiff for doing such work, plaintiff was entitled to recover; (second) if under the instructions of the court the jury found for plaintiff they should assess his damages at such sum as from the evidence they believed to be the reasonable value of the work done by plaintiff at the time it was done, not exceeding the amount claimed in the petition.

At the instance of defendant the court instructed the jury that if they believed and found from the evidence that defendant did not request plaintiff to excavate and remove the earth mentioned in the evidence and did not promise to pay plaintiff the reasonable value of any work alleged to have been performed by plaintiff, and if the jury further found and believed from the evidence that any excavating and removing of earth done by plaintiff referred to in the evidence was done by plaintiff voluntarily and for its own use and benefit and for the purpose of obtaining earth to fill certain hollows, ditches and excavations in the strip of land which plaintiff was at the time grading and levelling, their verdict should be for defendant and against plaintiff.

The court of its own motion instructed the jury that the burden of proof was on plaintiff to establish by the preponderance or greater weight of evidence the facts necessary to a verdict in its favor under the instructions. The court also defined "burden of proof" and "preponderance of evidence."

Defendant asked a number of instructions which were refused.

The errors assigned are to the action of the court in not sustaining the demurrers to the evidence and in giving the two instructions in behalf of the plaintiff, it being claimed that the first is inconsistent with that given for defendant.

An examination of the testimony in the case fails to satisfy us that the court should have sustained the demurrers interposed by defendant. We see no error in this action. The facts relating to the transaction were gone into at great length and minute detail and there was evidence on the issue raised to warrant its submission to the jury. It would serve no purpose to set it out.

The first instruction given at the instance of plaintiff, while not technically correct, in that it fails to set

out what acts are necessary on which to raise an implied promise, is more subject to the criticism for nondirection than for misdirection. Otherwise it correctly states the law as applicable to the facts in evidence. The instruction given at the instance of defendant is very favorable to it, and supplies the element lacking in plaintiff's instruction. With both of these instructions before them, the jury could not have been misled. We see no conflict. It was very favorable to defendant and presented its side of the case very clearly. The second instruction correctly covered the measure of damages.

No error is assigned on the refusal of the instructions asked by defendant, nor on those given by the court of its own motion.

The question of fact in the case was purely one for the determination of the jury on the evidence, and as the jury were correctly instructed on the law, we see no reason to disturb its verdict.

The judgment of the circuit court is accordingly affirmed. *Nortoni* and *Allen, JJ.,* concur.